## UNITED STATES *v.* THE SLOOP THEOPHILE.

*(District Court, W. D. Texas. 1882.)*

CUSTOMS DUTIES—SMUGGLING PROHIBITED.

The exception specified in the Revised Statutes, § 3095, prohibiting the introduction of foreign products into the United States in vessels of less than 30 tons burden, does not apply to Brazos de Santiago nor the district in which it is situated, and which runs up the Rio Grande on the boundary line between the United States and Mexico, and adjacent to Mexico; and the prohibition of the statute applies to all such vessels arriving by sea at the port of Brazos de Santiago from any foreign port, including the port of Tampico, Mexico. This section must be read in connection with section 3097 of the Revised Statutes.

Libel in Admiralty.

TURNER, D. J. The facts established in this case are substantially as follows: The sloop Theophile is an American vessel owned at Galveston, and engaged in the American coasting trade. She came from Corpus Christi, Texas, in January, 1882, to the port of Brazos de Santiago, Texas. When at Brazos the captain was asked to convey a surveying party who wished to get into the republic of Mexico, viz., Tampico, whereupon the master, Andrew Jackson, procured special register, and the sloop proceeded on her trip to Tampico. The master was notified and warned that he must not bring back to the port of Brazos de Santiago any dutiable merchandise, her tonnage being less than 30, that is to say 17, tons burden; that when in Tampico the master purchased 312 bunches of bananas, six gallons of rum in two demijohns, and 900 cigars, all of said articles of foreign growth and man-

ufacture; that she cleared from Tampico for Brazos de Santiago, Texas, with these articles on board, each of which was subject to duty; that when she arrived at Brazos de Santiago with this cargo on board she was seized by proper customs officers, as having become forfeit, together with tackle and said articles, to the United States, as provided in section 3095 of the Revised Statutes of the United States. Whereupon this libel was, by the United States district attorney, filed to have the forfeiture declared by this court. The case came on for trial the eighth day of May, 1882.

The defendant claims that no forfeiture was incurred by said act, because the district of Brazos de Santiago embraces territory that reaches to and along the Rio Grande river, the boundary line between the United States and the republic of Mexico, and therefore adjacent to the said republic of Mexico, the port of Brazos de Santiago being about 30 miles distant from any Mexican territory; but the district territorially reaches to and along up the Rio Grande river; and it is claimed that because the portion of the Brazos district is adjacent to Mexico that the act of bringing the goods to Brazos is and was protected by the section referred to, and no forfeiture was incurred.

There is and can be no dispute that the vessel, in making the trip from Tampico, Mexico, to Brazos de Santiago, was by the open sea.

The object of congress in providing that all foreign trade should be carried on by vessels of 30 tons burden and upwards, it is evident, was to prevent the landing of foreign goods in the United States except at regular ports of entry, where the custom-house officers could secure the duties due the government without difficulty, and to prevent smuggling by small sloops that could run into rivers and small streams where no custom-houses are established, and to avoid patrolling the entire coast against smugglers. There are two other collection districts situated similarly to this, viz., the districts of Saluria and Corpus Christi; that is, each of these districts border upon the Gulf of Mexico and run back to the Rio Grande river. From the very nature of the case it would not be presumed that congress intended to open up to this vast territory the foreign trade to be carried on by vessels of less burden than 30 tons, unless clearly so stated in the act. It would be discriminating in favor of one region of country, and the results are more easily understood than described; and if any doubt could arise from the reading of section 3095 of the statute as to the proper construction of that section, by itself, all doubt, it seems to me, is removed when we read in connection therewith section 3097. After referring to the vessels, boats, rafts, and carriages

arriving in the districts to which the exception *does* apply, it says, "and the powers and duties of the officers of the customs shall be exercised and discharged in the districts last mentioned [that is, in the districts to which the exception does apply] in like manner as is prescribed in respect to merchandise imported in vessels from the sea." Showing, I think, conclusively that the exception does not apply to vessels that do make their voyages by the open seas.

The conclusion is that the penalty of forfeiture was incurred as claimed in the libel, and is adjudged accordingly.